IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

      Plaintiff,

   v.

INDRU KRIPLANI AND PRAMILA
KRIPLANI, individually and as
trustees of the Kriplani Family
Trust, and DOES 1 through 10,
inclusive,

      Defendants.
_____/

No. Civ. 2:06-CV-02054 JAM GGH

<u>Order Granting Motion for</u>
<u>Summary Judgment</u>

    Plaintiff Scott N. Johnson ("Johnson") brought this action

against defendants Indru and Pramila Kriplani, individually and

as trustees of the Kriplani Family Trust (collectively

"Defendants") pursuant to the Americans with Disabilities Act

("ADA"), 42 U.S.C. §§ 12181 *et seq*., and California's Unruh

Civil Rights Act ("Unruh Act"), California Civil Code §§ 51 *et*

*seq.* Defendants now move for summary judgment pursuant to Rule

1

56 of the Federal Rules of Civil Procedure.  Johnson opposes the motion.  For the reasons set forth below, the motion is GRANTED.[1]

## I. UNDISPUTED FACTS

In April 2003, Defendants purchased seven of the eight parcels that comprise the College Greens Shopping Center ("Shopping Center").  One of the tenants is an Arby's fast food restaurant which is located in a stand-alone building.  Another tenant is the local office of the United States Social Security Administration ("SSA").  Since at least 2003, there has been a van accessible disabled parking space in front of the SSA office.  As of July 2006, the Shopping Center parking lot contained 380 parking spaces, eight of which were disabled access parking spaces, including one that was van accessible.  Currently, both Arby's and the SSA have a van accessible disabled parking space in front of their respective establishments as well as an adjacent access aisle.

## II. BACKGROUND

On July 31, 2006, Johnson allegedly visited Arby's but was unable to access the restaurant purportedly due to the lack of a properly configured van accessible disabled parking space.  Compl. ¶ 3.  As a consequence, Johnson was forced to dine

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 78-230(h).

elsewhere.  Id.  Thereafter, Johnson allegedly returned to Arby's on three other occasions but, again, was forced to dine elsewhere purportedly due to the lack of a properly configured van accessible disabled parking space.  Id.  On August 2, 2006, Johnson allegedly sent a letter titled, "30 DAY CORRECTION NOTICE," to the establishment neighboring Arby's warning about this problem.  Id. ¶ 4.

On September 15, 2006, Johnson filed the instant action against Defendants seeking declaratory, injunctive and monetary relief pursuant to the ADA and the Unruh Act.  Docket at 1.  In his complaint, Johnson alleges that he is a person of physical impairment of quadriplegia and is a "person with a disability" and a "physically handicapped person" under 42 U.S.C. § 12102(2)(A).  Compl. ¶ 1.  Johnson further alleges that as a result of his physical impairment he uses a wheelchair for mobility and drives a full size van equipped with hand-controls and a wheelchair lift.  Id. ¶¶ 1, 9.  According to Johnson, this action is predicated upon the denial of an accessible route to Arby's.  Id. ¶¶ 3-4.  Specifically, Johnson asserts that the major architectural barrier is the lack of a properly configured van accessible disabled parking space.  Id.  Johnson maintains that Defendants intentional failure to provide such a space amounts to a denial of his civil rights under both California and federal law.  Id.  Through this action, Johnson seeks

3

injunctive relief to require Defendants to create an accessible entrance to Arby's in compliance with the ADA, the Americans with Disabilities Act Architectural Guidelines for Building and Facilities ("ADAAG"), and the California Building Standards Code ("CBC").  Id.

III. OPINION

A.   Motion to Strike

Defendants raise several evidentiary objections to the evidence submitted by Johnson in support of his opposition to Defendants' motion for summary judgment.  First, Defendants move pursuant to Rule 37(c)(1) to strike the declarations of Bill Zellars ("Zellars") and Sofia Fernandez ("Fernandez") on the ground that Johnson failed to disclose these individuals as potential witnesses in violation of Rule 26.  Rule 26 requires parties to disclose the identity of persons with discoverable information (i.e., potential witnesses) and the identity of expert witnesses "accompanied by a written report prepared and signed by the witness."  See Fed.R.Civ.P. 26(a).  Under Rule 26(e) parties have an obligation to supplement their initial disclosures with the name of every person who may have discoverable information.  Fed.R.Civ.P. 26(e).   Rule 37(c)(1) gives teeth to these requirements by forbidding the use on a motion or at trial of any information required to be disclosed by Rule 26 that is not properly disclosed, unless the parties'

4

failure to disclose the required information is substantially justified or harmless.  See Yetti by Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (citing Fed.R.Civ.P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.")). Rule 37(c)(1) was designed to be self-executing in order to produce a strong incentive for disclosure of material that the disclosing party would expect to use as evidence whether at trial, at a hearing, or on a motion, such as one under Rule 56. Rule 37 Fed.R.Civ.P., Advisory Comm. Note (1993).  The party failing to disclose the required information bears the burden of demonstrating their failure was either substantially justified or harmless.  See Yetti by Molly, 259 F.3d at 1107.  Here, Defendants contend that Johnson failed to serve initial disclosures as required by Rule 26, including disclosing Mr. Zellars and Ms. Fernandez as potential witnesses in this case. Kathleen Finnerty ("Finnerty") Decl. ¶¶ 3-4.  Because Johnson did not respond in opposition to Defendants' motion to strike, the Court will treat this failure as a concession that Mr. Zellars and Ms. Fernandez were not properly disclosed in violation of Rule 26.  Accordingly, because Johnson did not

demonstrate that his failure to disclose this information was
harmless or substantially justified, the declarations of Mr.
Zellars and Ms. Fernandez are stricken pursuant to Rule
37(c)(1).

Second, Defendants move pursuant to Rule 37(c)(1) to strike
Exhibits E-U (photographs) attached to Johnson's declaration on
the ground that Johnson failed to properly disclose this
information in violation of Rule 26.  Rule 26 requires parties
to disclose a copy of all documents that the disclosing party
has in its possession, custody, or control and may use to
support its claims or defenses, unless the use would be solely
for impeachment.  Fed.R.Civ.P. 26(a)(1)(A).  Here, Defendants
contend that Johnson failed to serve initial disclosures as
required by Rule 26, including disclosing Exhibits E-U.
Finnerty Decl. ¶ 3.  Because Johnson has not responded in
opposition to Defendants' motion to strike, the Court will treat
this failure as a concession that Exhibits E-U were not properly
disclosed in violation of Rule 26.  Accordingly, because Johnson
did not demonstrate that his failure to disclose this
information was harmless or substantially justified, Exhibits E-
U are stricken pursuant to Rule 37(c)(1).  Moreover, because
Exhibits E-U and W-X (photographs) attached to Johnson's
declaration are dated on or after April 20, 2008, approximately
two months after the discovery cut-off deadline set forth in the

scheduling order (Rule 16 Order), it is clear that Johnson failed to fulfill his discovery obligations with respect to this information.  As such, Johnson is precluded from using Exhibits E-U and W-X to oppose Defendants' motion for summary judgment. See Fed.R.Civ.P. 37(b)(2)(A); see also Fed.R.Civ.P. 16(f) (a court on its own motion may order sanctions as provided in Rule 37(b)(2)(A), including the preclusion of evidence, where a party or party's attorney fails to obey a scheduling order).

Third, Defendants move to strike portions of Johnson's declaration on the ground that he failed to lay a proper foundation for his personal knowledge with respect to various measurements to which he testifies, including measurements relating to running slope, cross-slope and the Arby's restroom. Because Johnson's declaration does not state that he made these measurements himself or specify how he acquired this knowledge, it is unclear whether Johnson has personal knowledge of these facts or has merely been advised of them by others.  In fact, Johnson concedes that Zellars Concrete was responsible for the measurements related to the entrance to Arby's, and that Ben Waters was responsible for the measurements related to the Arby's restroom.  Johnson Dep. at 85:11-25, 86:1-3, 109:18-21, 110:9:17.  Thus, because Johnson did not state that he was personally involved in any of the measurements to which he testifies, and because personal knowledge cannot be inferred,

the statements in Johnson's declaration referencing such measurements are stricken (e.g., Johnson Decl. at 4:20-26, 5:3-14, 6:1-8, 6:11-16, 8:3-6).  See Edwards v. Toys "R" Us, 527 F.Supp.2d 1197, 1200 (C.D. Cal. 2007) (under Rule 56(e), a declaration not based on personal knowledge is inadmissible at the summary judgment stage); see also Fed.R.Civ.P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein").[2]

B.   Summary Judgment Standard

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).  There is no genuine issue of fact for trial where the record, taken as a

_____

[2] To the extent that Defendants seek to strike Johnson's statements asserting new ADA violations discovered during the discovery period but not specifically pled in his complaint, the Court will address this issue below in section III. C.

whole, could not lead a rational trier of fact to find for the
nonmoving party.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio
Corp.</u>, 475 U.S. 574, 586 (1986) (nonmoving party must present
specific, significant probative evidence, not simply "some
metaphysical doubt").  Conversely, a genuine dispute over a
material fact exists if there is sufficient evidence supporting
the claimed factual dispute, requiring a judge or jury to
resolve the differing versions of the truth.  <u>Anderson v.
Liberty Lobby, Inc.</u>, 477 U.S. 242, 253 (1986).  Summary judgment
is proper if, viewing the evidence and the inferences therefrom
in the light most favorable to the nonmoving party, there are no
genuine issues of material fact in dispute and the moving party
is entitled to judgment as a matter of law.  <u>Valandingham v.
Bojorquez</u>, 866 F.2d 1135, 1137 (9th Cir. 1989).

C.   Standing

    As a threshold matter, the Court must determine which
architectural barriers are properly before the Court.  That is,
whether Johnson's action is limited to the specific ADA
violations pled in his complaint.  In this regard, the Court
finds that Johnson lacks standing to assert new ADA violations
that were discovered during the discovery period but not
specifically pled in his complaint.  Although Johnson's
complaint need only state a "short and plain statement of the
claim showing that he is entitled to relief," <u>see</u> Fed.R.Civ.P.

8(a)(2), Johnson must still provide "fair notice" of the basis for specific claims not pled in his complaint.   Thus, because Johnson did not assert new ADA violations until, at the earliest, two days before the close of discovery, the Court finds that the newly asserted violations are not actionable. See Eiden v. Home Depot USA, Inc., 2006 WL 1490418, *5-6 (E.D. Cal. 2006) (ADA violations discovered during the discovery period that are not pled in the complaint, and not disclosed to defendant in sufficient time to permit defendant to address them in discovery and by way of law and motion, are not actionable). Here, the discovery cut-off deadline was February 29, 2008. Johnson, however, asserted new ADA violations in his responses to interrogatories dated February 27, 2008, in his deposition taken on February 28, 2008, and in his declaration in opposition to summary judgment dated April 23, 2008.   Accordingly, because the new ADA violations were not disclosed in sufficient time to permit Defendants to address them in discovery and by way of law and motion, these violations are not actionable.   See id.

D.   The ADA

      Defendants argue that summary adjudication is appropriate with respect to Johnson's ADA claim because the Shopping Center parking lot contained a properly configured van accessible disabled parking space when Johnson visited Arby's in July 2006.

Title III of the ADA establishes that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).  Here, Johnson alleges that Defendants discriminated against him by failing to remove certain architectural barriers at the Arby's restaurant.  Specifically, Johnson alleges that Defendants violated the ADA by failing to abide by the ADAAG standards.  The ADAAG regulations are divided into three categories.  The first category of regulations require that newly-constructed public accommodations must comply with specific accessibility requirements set forth in the ADAAG.  See 28 C.F.R. Pts. 36.401, 36.406.  The second category of regulations concerns the accessibility requirements imposed on public accommodations altered after January 26, 1992.  See id.  The third category requires the removal of architectural barriers in preexisting public accommodations.  See 28 C.F.R. Pt. 36.304.  "Under the ADA's continuing barrier removal obligation, it is discriminatory for owners, operators, lessors or lessees to fail to remove architectural barriers that deny disabled persons the goods and services offered to the general public."  Wilson v. Pier 1 Imports (US), Inc., 439 F.Supp.2d

1054, 1066 (E.D. Cal. 2006).  Here, neither party offered any

evidence indicating whether Arby's is a newly-constructed public

accommodation, a public accommodation altered after January 26,

1992, or a preexisting public accommodation.  As such, the Court

will assume, without deciding, that Defendants are required to

comply with the higher accessibility standards imposed on new

facilities rather than the lower standards imposed on existing

facilities.  The Court will therefore assume that Arby's must

comply with the ADAAG standards.  See 28 C.F.R. Pt. 36.406

(newly constructed public accommodations must comply with the

accessibility requirements set forth in the ADAAG).[3]

In order to make a prima facie case under Title III of the

ADA, a plaintiff must prove that (1) he has a disability, (2)

---

[3] Under the ADA, existing facilities are obligated to bring
their facilities as close to compliance with the ADAAG standards
as is readily achievable.  Pascuiti v. New York Yankees, 87
F.Supp.2d 221, 225 (S.D.N.Y. 1999).  To succeed on an ADA claim
of discrimination on account of an architectural barrier in an
existing facility, the plaintiff must prove that (1) the
architectural barrier is prohibited under the ADA, and (2) the
removal of the barrier is readily achievable.  Wilson, 439
F.Supp.2d at 1067.  If plaintiff satisfies his burden, the
burden shifts to the defendant to show that removal of the
barriers is not readily achievable.  Id.  The presence of
structures or other obstacles which do not meet the ADAAG
standards does not alone make a prima facie ADA violation for
existing facilities because they must also show that the barrier
removal is readily achievable.  Id.  However, non-compliance
with ADAAG standards can demonstrate a prima facie barrier,
which the defendants may rebut by demonstrating that, despite
the non-conformance with the guidelines, the alleged barrier is
not actually hindering equal access by the plaintiff.  Id.

defendants' facility is a place of public accommodation, and (3) he was denied full and equal treatment because of his disability.  Wilson, 439 F.Supp.2d at 1067.  Compliance with the standards set forth in the ADAAG constitutes compliance with ADA requirements.  Id. at 1066.  Here, because the parties do not dispute that Johnson is disabled or that Arby's is a place of public accommodation, the question is whether Johnson was discriminated against on account of his disability based on an architectural barrier.  That is, whether Defendants violated the ADA by contravening specific standards set forth in the ADAAG. In this regard, Johnson claims that Defendants violated the ADA by failing to provide a properly configured van accessible disabled parking space in front of Arby's.  However, because Johnson concedes that, as of July 2006, the Shopping Center parking lot did in fact contain a van accessible disabled parking space in front of the SSA office, and because the existence of this space satisfies the ADAAG standards, Defendants are entitled to summary adjudication on this issue.[4]

_____

[4] ADAAG 4.1.2(5)(a) provides in relevant part: "If parking spaces are provided for self-parking by employees or visitors, or both, then accessible spaces complying with 4.6 shall be provided in each such parking area in conformance with the table below."  The table provides that there must be at least 8 accessible parking spaces in a parking lot containing between 301 to 400 parking spaces.  Id.  ADAAG 4.1.2(5)(b) provides in relevant part that: "One in every eight accessible spaces, but not less than one, shall be served by an access aisle 96 in

Alternatively, because Johnson concedes that the Shopping Center parking lot currently contains several ADA compliant van accessible disabled parking spaces, including one in front of Arby's, this claim is subject to dismissal as moot under the ADA since the only available remedy under the ADA is injunctive relief.  See Pickern v. Best Western Cove Lodge Marina Resort, 194 F.Supp.2d 1128, 1130 (E.D. Cal. 2002) (generally, a defendant's successful remedial efforts will render a plaintiff's ADA suit subject to dismissal as moot).

To the extent that Johnson seeks to state an ADA violation predicated upon a non-compliant route of travel from the van accessible disabled parking space in front of the SSA office to the entrance of Arby's, the Court finds that, even assuming that this violation is actionable, it does not survive summary judgment.[5]  In support of this alleged ADA violation, Johnson

---

(2440 mm) wide minimum and shall be designated "van accessible" as required by 4.6.4."  Here, because the Shopping Center parking lot contained 380 parking spaces in July 2006, eight of which were disabled parking spaces, including one that was van accessible, the parking lot was compliant with the ADAAG standards and, therefore, was compliant with ADA requirements.

[5] The Court notes that the complaint contains a vague reference to the fact that Defendants failed to create an accessible entrance into Arby's, including an accessible route. For purposes of this motion, the Court will assume, without deciding, that such pleading provided sufficient "fair notice" to Defendants of ADA violations based on a lack of an accessible route of travel and a lack of an accessible entrance to Arby's. As such, the Court will assume that these violations are actionable.

asserts that there are four possible accessible routes from the van accessible disabled parking space in front of the SSA office to the entrance of Arby's, including a route through the parking lot, which Johnson concedes is 48 inches wide and compliant with running slope and cross-slope standards set forth in the ADAAG. Johnson Decl. ¶ 11.  Johnson, however, maintains that this route of travel is non-compliant with the ADA because it contains a pot-hole, "which could prove dangerous," and is not marked with directional signage.  The Court finds these assertions, standing alone, insufficient to establish a genuine issue of material fact for trial.  First, Johnson's vague charge that the existence of a pot-hole "could prove dangerous," without more, does not establish a genuine issue of material fact as to whether the parking lot route of travel was non-compliant with the ADA.  Johnson did not offer any evidence demonstrating that the pot-hole constituted an obstruction preventing access to Arby's.  See ADAAG 3.5 "Definitions." (defining accessible route as "[a] continuous unobstructed path connecting all accessible elements and spaces of a building or facility . . ."); see also 28 C.F.R. § 36.403 (e)(1) (defining "path of travel" as "a continuous, unobstructed way of pedestrian passage by means of which the altered area may be approached, entered, and exited,

and which connects the altered area with an exterior approach (including sidewalks, streets, and parking areas), an entrance to the facility, and other parts of the facility.").  Indeed, Johnson's failure to offer evidence identifying the size of the pot-hole puts the Court in the position of having to guess whether the parking lot route of travel prevented access to Arby's.  This kind of showing is insufficient to establish a genuine issue of material fact justifying a trial on this issue.  Second, Johnson presented neither compelling argument nor controlling authority supporting the proposition that the parking lot route of travel was required to be marked with directional signage.  See Eiden, 2006 WL 1490418 at *11 (summary judgment appropriate where plaintiff alleged non-compliance with the ADAAG standards based on a lack of directional signage along a route of travel because plaintiff failed to inform the court of the basis as to this barrier).  Accordingly, because a parking lot can be an accessible route of travel under the ADA, see Wilson, 439 F.Supp.2d at 1071, and because Johnson failed to inform the Court of the basis as to the directional signage barrier, the Court finds that Johnson failed to raise a genuine issue of material fact for trial on the issue of whether the parking lot route of travel was non-compliant with the ADA.  Accordingly, summary adjudication is granted in favor of Defendants on this issue.  See Miller v. Glenn Miller

Productions, Inc., 454 F.3d 975, 987 (9th Cir. 2006) ("Summary judgment for a defendant is appropriate when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial.").

Finally, to the extent that Johnson seeks to state ADA violations predicated upon a lack of an accessible entrance to Arby's, the Court finds that, even assuming that these alleged violations are actionable, they do not survive summary judgment. Johnson has not offered any admissible evidence supporting a basis as to these alleged barriers.  There is no admissible evidence before the Court demonstrating that Defendants violated the ADAAG standards with respect to the entrance to Arby's. Accordingly, summary adjudication is granted in favor of Defendants on this issue.

E.   The Unruh Act

Johnson's second claim for relief seeks to state violations of the Unruh Act predicated upon violations of rights under the ADA.  See Lentini v. California Center for the Arts, Escondido, 370 F.3d 837, 846 (9th Cir. 2004) (a violation of any right under the ADA is a violation of the Unruh Act).  However, because Johnson's Unruh Act claims turn on ADA liability, and because Johnson failed to prove a violation of any right under

the ADA, summary adjudication is granted in favor of Defendants on Johnson's Unruh Act claims.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion is GRANTED.  The Clerk is directed to enter judgment in accordance with this Order.

IT IS SO ORDERED.

Dated: July 2, 2008

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE